UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of Odeon Capital Group LLC for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding,<br><br>Petitioners. | Case No: 15 MISC 115<br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION OF ODEON CAPITAL GROUP LLC FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DICOVERY FOR USE IN A FOREIGN PROCEEDING**

BRESSLER, AMERY & ROSS, P.C.

Mark D. Knoll (MK-5343)
17 State Street
New York, New York 10004
(212) 425-9300
(212) 425-9337 (f)
    Attorneys for Odeon Capital Group, LLC

2579487-1

## BACKGROUND

Petitioner, Odeon Capital Group, LLC ("Odeon" or "Petitioner"), respectfully applies to this Court for an Order permitting Odeon to obtain certain discovery from Tilden Park Capital Management ("Tilden Park") and Morgan Stanley & Co. ("Morgan Stanley", collectively with Tilden Park, the "Discovery Subjects") pursuant to 28 U.S.C. § 1782 in connection with a foreign proceeding pending in the United Kingdom (the "U.K. Proceeding"). In the U.K. Proceeding, Odeon, a New York-based SEC registered broker-dealer is a defendant in a suit brought by Molton Street Capital LLP ("Molton Street") related to an alleged failed trade for the sale of certain bonds on or about June 16, 2014. See Knoll Declaration at Exhibit A.

In its defense to the claims brought by Molton Street, Odeon indicated that its decision to cancel the purported trade prior to settlement was based, in large part, on Odeon's belief that the transaction involved potentially fraudulent activity. See Knoll Declaration at Exhibit B. The discovery sought in Petitioner's Application is directly related to Odeon's claims in defense of the Molton Street claims in the U.K. Proceeding.

Discovery is sought from Tilden Park because it is believed, as set forth more fully in the Knoll Declaration, that (i) the bonds in question were originally owned by Tilden Park, (ii) that Tilden Park had no intention of selling the bonds, and (iii) that the series of transactions (of which the purported transaction between Odeon and Molton Street was just one) were in fact a series of "daisy-chain" trades that were potentially designed to allow Tilden Park to retain possession of the bonds at subsequently inflated prices.

Discovery is likewise sought from Morgan Stanley because, as set forth more fully in the Knoll Declaration, Molton Street allegedly contracted with Morgan Stanley to sell the bonds forward following the purported trade between Odeon and Molton Street at a substantial mark-

up. Discovery from Morgan Stanley will allow Odeon to (i) confirm whether in fact such a proposed contract of sale existed between Molton Street and Morgan Stanley, (ii) whether such contract of sale had been cancelled, (iii) whether any demand has been made by Morgan Stanley for delivery of the bonds in question, (iv) whether Molton Street has made any attempts to "buy-in" or obtain the bonds from any other source in order to satisfy any such demand by Morgan Stanley, and (v) to obtain the identity of any subsequent purchasers of the bonds from Morgan Stanley, including potentially Tilden Park, or any parties or entities related to Tilden Park.

The discovery sought in this Application is narrow in scope and is specifically targeted towards the identification and production of highly relevant information in connection with the U.K. Proceeding.

## LEGAL STANDARD/ARGUMENT

Section 1782 was enacted to provide a procedure pursuant to which parties such as Petitioner could obtain "federal court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). Under Section 1782, a district court may grant an application for discovery where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made; (2) the discovery is for use in a foreign proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person." Id. at 249; see also Marubeni America Corp. v. LBA Y.K., 335 Fed. App'x 95, 96 (2d Cir. 2009) (citing Schmitz v. Bernstein Liebhard & Lifshitz LLP, 376 F.3d 79, 83 (2d Cir. 2004)). Courts also consider four additional, discretionary factors: (1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign tribunal to federal-court

2

assistance; (3) whether the request appears to be an attempt to circumvent foreign proof gathering procedures of the foreign tribunal and (4) whether the request is overly intrusive or burdensome. Id. at 97 (citing Intel, 542 U.S. at 265).

Under all of these factors, Petitioner is entitled to the discovery sought here.

### A.     The Section 1782 Statutory Requirements Are Met

#### 1.     The Discovery Subjects are Found or Reside in the Southern District of New York

Courts broadly interpret the first statutory element which requires that the discovery respondent be "found" or "reside" within the district. See In re Edelman, 295 F.3d 171, 180 (2d Cir. 2002) (holding that "if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district."). Generally, as long as a respondent is located in or can be found within the district, this first element will be satisfied.

Here, the Discovery Subjects reside or can be found within this District for purposes of granting the requested discovery. Tilden Park has its principal place of business at 452 Fifth Avenue, 28th Floor, New York, New York. See Knoll Declaration at Exhibit C. Morgan Stanley has its main office at 1585 Broadway, New York, New York. Id. at Exhibit D.

#### 2.     The Discovery Sought Is "For Use" in a Foreign Proceeding

The second statutory requirement of Section 1782 is comprised of two subcomponents: (i) the requested discovery must be "for use" (ii) in a foreign "proceeding" in which an "adjudicative function is being exercised." See Lancaster Factoring Co. Ltd. v. Mangone, 90 F.3d 38, 41 (2d Cir. 1996)).

3

Here, the requested discovery is intended for use in the U.K. Proceeding. As set forth in more detail in the Knoll Declaration, the U.K. Proceeding is pending in the High Court of Justice, Queens Bench Division, United Kingdom. The litigation involves claims directly related to the securities that are the subject of the requested discovery. See Knoll Declaration at Exhibits A and B.

### 3. The Petitioners Are "Interested Persons" Under Section 1782

Under Section 1782, an "interested person" includes "a party to the foreign . . . litigation." Lancaster Factoring, 90 F.3d at 42. Odeon, as a party to the U.K. proceeding, clearly qualifies as "an interested person" within the meaning of Section 1782. See Intel, 542 U.S. at 256 ("No doubts litigants are included among, and may be the most common example of, 'interested person[s]' who may invoke [section] 1782.").

### B. The Application Should Also Be Granted in the Exercise of the Court's Discretion

Once the statutory requirements of Section 1782 are met, as they are here, the Supreme Court described four factors that courts may consider in awarding Section 1782 discovery: "(1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature and character of the foreign tribunal and the receptivity of the foreign tribunal to U.S. federal-court judicial assistance; (3) whether the request appears to be an attempt to circumvent foreign proof-gathering procedures of the foreign tribunal and (4) whether the request is overly intrusive or burdensome." Intel, 542 U.S. at 264-265. All four of these factors weigh in favor of granting the discovery requested by the Petitioner here.

First, neither Tilden Park nor Morgan Stanley are parties to the U.K. Proceeding and, therefore, they are not subject to the rules of the Queens Bench Division regarding discovery. Second, proceedings pending in the U.K. are certainly within the ambit of those that would be

4

receptive to the assistance of the U.S. federal courts. Third, contrary to an attempt to circumvent U.K. discovery procedures, the discovery sought here is perfectly in line with the reasonable investigation of all the facts that would be pertinent to the resolution of the U.K. proceeding. And, finally, fourth, the discovery requests, which seek information related to only a single security over a limited span of time, are narrowly tailored and not unduly intrusive or burdensome. See Knoll Declaration at Exhibits E and F, respectively.

## CONCLUSION

For the reasons set forth above, Petitioner Odeon Capital Group respectfully requests that this Court enter an order, pursuant to 28 U.S.C.§ 1782, granting them leave to conduct the requested discovery in a form substantially as set forth at the Knoll Declaration at Exhibits E and F.

Dated: New York, New York
      April 28, 2015

Respectfully submitted,

_____
Mark D. Knoll

BRESSLER, AMERY & ROSS, P.C.
17 State Street
New York, New York 10004
(212) 425-9300
(212) 425-9337 (f)
mknoll@bressler.com
Attorneys for Odeon Capital Group